**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
MARTIN R. CZECK,               :
                                         Civil Action No. 10-4668 (RBK)
          Petitioner,          :

     v.                        :    OPINION

DONNA ZICKEFOOSE,              :

          Respondent.          :
```

**APPEARANCES:**

Petitioner <u>pro se</u>
Martin R. Czeck
00828041
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640

**KUGLER**, District Judge

Petitioner Martin R. Czeck, a prisoner currently confined at the FCI Fort Dix, in Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  The sole respondent in this matter is Donna Zickefoose.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  Because it appears from a review of the Petition that this Court lacks jurisdiction, the Petition will be dismissed.

I.  BACKGROUND

Petitioner is presently confined pursuant to a sentence, imposed by the United States District Court, District of Minnesota.  The 1996 conviction was affirmed by the Eighth Circuit Court of Appeals, United States v. Czeck, 105 F.3d 1235 (8th Cir. 1997), and Czeck challenged his conviction in a timely 28 U.S.C. § 2255, which was denied on the merits, and affirmed by the Eighth Circuit, Czeck v. United States, No. 98-3047 (8th Cir. 1999), 1999 WL 170551 (unpublished opinion).  Subsequently, Czeck proceeded with various state court proceedings challenging state criminal convictions from the 1980s and was successful in some of the challenges leading to vacated convictions.  After the vacated convictions, Czeck later filed a 18 U.S.C. § 3582(c)(2) motion for modification and reduction of his sentence in the federal criminal case.  The § 3582(c)(2) motion was denied because there were no retroactively applicable amendments to sentencing guidelines and even interpreting that motion as a request under § 2255 relief was also denied.  Czeck's appeal of that ruling was denied by the Eighth Circuit, United States v. Czeck, 172 Fed.Appx. 687 (8th Circuit 2006)(unpublished opinion).  In its opinion, the Eighth Circuit discussed why § 2255 relief was not available on this issue:

> To the extent Czeck's motion amounted to a 28 U.S.C. § 2255 motion, insofar as he also sought to lower his sentence based on the vacation of his state court convictions, his claim also failed.  Putting aside the question of whether

2

> Czeck's motion was second or successive, we find that it was untimely because <u>Czeck waited more than six years after his federal conviction became final to petition the state court for habeas relief, and did not provide a sufficient excuse for the delay</u>. See <u>Johnson v. United States</u>, 544 U.S. 295... (2005)(1-year limitation period for defendant seeking to reopen federal sentence enhanced by state sentence based on state court vacatur begins when petitioner receives notice of order vacating state conviction, <u>provided he sought it with due diligence in state court after entry of judgment in federal case with enhanced sentence</u>.

172 Fed.Appx. at 687, (emphasis added).

Czeck then filed in the court of conviction a petition for habeas corpus under 28 U.S.C. § 2241 which was dismissed for lack of subject matter jurisdiction[1] and a writ of audita querela which was also denied.  Shortly thereafter, Petitioner filed this pending action for habeas relief under § 2241.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[1]Some of the facts provided in this opinion are taken from Petitioner's previous § 2241 application in the United States District Court, District of Minnesota, Civil No. 10-12, specifically facts from the Magistrate Judge's Report and Recommendation (docket number 4) which was later adopted by the District Court Judge in an Memorandum Opinion and Order (docket number 6) in that matter.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Here, in the district of confinement, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed, in the district of conviction, a direct appeal, a previous § 2255 motion, and a previous request for habeas relief § 2241 similar to the case presently before this Court. Petitioner's challenge to his conviction here is not appropriate and his request for habeas relief must be denied.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has

been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  <u>See</u> 28 U.S.C. § 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In <u>Dorsainvil</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  <u>Id.</u>  To the contrary, the court was

persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception.  Petitioner cannot demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  To the contrary, here, the Petitioner challenges the legality of his confinement, a challenge which would generally fall within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement.  Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to raise this issue in a timely challenge.  As the Eighth Circuit noted, it took Petitioner over six years after his federal conviction to petition for relief in state court.  Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Petitioner recently pursued his remedies in the court of conviction and his request for habeas relief has already been denied there. Furthermore the challenges presented here do not appear to be cognizable claims. Accordingly, it would not be in the interest of justice to transfer this Petition to the trial court, as a possible § 2255 motion.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: March 16, 2011